## Commonwealth ex rel. v. Armour & Company

*Charles S. Solit*, for Bureau of Standard Weights and Measures.

*William N. J. McGinniss*, for defendant.

KUN, J., March 29, 1938.—After the summary conviction of defendant in open court, a motion for new trial was filed, whereupon the judgment was vacated to enable the court to reconsider its action. The case involves the charge that defendant, with intent to defraud, sold butter of short weight, in violation of section 5 of the Act of July 24, 1913, P. L. 965, 76 PS §245, which provides:

"Section 5. It shall be unlawful for any person, firm or corporation, with intent to defraud:

"(1). To sell, or offer for sale, any commodity on the container of which is marked any false statement respecting the kind, number, quantity, weight, or measure of such commodity, or of any part thereof, or respecting the place or country where such commodity was manufactured or produced, or respecting the quality or grade of such commodity."

At the hearing, it appeared that on December 23 or 24, 1936, defendant delivered to one Fox, a dealer, a quantity of butter in prints marked to contain one pound each. The dealer kept this butter under electric refrigeration

at a temperature of 35° in a Frigidaire. On December 29, 1936, a portion of the butter was weighed by inspectors of the Bureau of Weights and Measures. Of the 12 prints weighed, 10 were short 0.35 of an ounce, and the other two were short 0.28 of an ounce. According to the testimony, there is a continual evaporation of the water content of butter which varies under the different conditions under which it is kept and it is possible for a one-pound print of butter to shrink as much as one eighth or 0.125 of an ounce in one week when kept under electric refrigeration.

The disposition of the case turns on the applicability of the amount of so-called tolerance allowed by the State Bureau of Standards, which is made necessary by reason of the fact that there is an evaporation in the water content of the butter as stated.

According to a regulation of the Bureau of Standard Weights and Measures of the Department of Internal Affairs, under date of November 6, 1936, entitled "Tolerance on Butter", it is provided "that the average error of 12 prints, taken at random, shall not be over one fourth of an ounce per pound". How does this regulation apply to the proofs in the case before us? The shortage at the time the butter was weighed was 0.35 of an ounce per pound. It cannot be presumed from this that the butter weighed less (taking into account the allowable tolerance) than allowed by law the week before, when defendant sold it to the dealer: 22 C. J. 92, §30; W. F. Corbin & Co. v. United States, 181 Fed. 296. The testimony shows that butter kept under electric refrigeration may shrink as much as one eighth, or 0.125 of an ounce in one week. In view of the fact that the butter was sold by defendant to its dealer approximately one week before the date it was inspected and weighed by the agents of the Bureau of Weights and Measures, it follows that its weight could have been well within the tolerance allowed by law at the time the sale was made by defendant to the dealer, so

that it cannot be said that the sale by defendant was made with intent to defraud.

The court has been advised by counsel for the bureau that there are no further proofs against defendant. Accordingly, there would be no point in granting a new trial.

The appeal is sustained and the court finds defendant not guilty.